Thomas J. PEARSON, Appellant,

v.

OLIN MATHIESON CHEMICAL CORP., a corporation, Appellee.

No. 2570.

Municipal Court of Appeals for the District of Columbia.

Argued May 16, 1960.

Decided July 6, 1960.

---

Wallace McGregor, Washington, D. C., for appellant.

Gerald G. Schulsinger, Washington, D. C., for appellee. Paul Daniel, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Pearson alleged in his complaint that he contracted with Mathieson to pay it $673.27 which the National Fire Equipment Company owed Mathieson for dry ice theretofore furnished to National, upon the promise of Mathieson that it would extend further credit to National if the existing indebtedness were paid. Pearson claims that he paid that sum to Mathieson but it failed and refused to extend the promised credit. He accordingly asked judgment in the above amount. Mathieson answered denying all of the material allegations of the complaint but admitted it had received a check from Pearson for the amount in question in satisfaction of the pre-existing debt owed it by National. At the end of Pearson's case the court made a finding for Mathieson. This appeal followed.

Pearson's evidence was as follows. Testifying in his own behalf, he stated he was a lawyer and part-owner and secretary-treasurer of an investment company known as Investors Service Bureau, Inc. One of his clients had advanced $8000 to National to permit it to perform a contract with the United States Government to fill fire extinguishers at one of its military establishments, and National had assigned the proceeds of the contract to his client.

As of May 29, 1959, National had received dry ice from Mathieson for which it owed $673.27, and desired to purchase more of this product from Mathieson so that it could continue to perform the Government contract. The representatives of Mathieson in a meeting with the representatives of National demanded payment of the above indebtedness and represented that Mathieson would extend credit to National for the purchase of additional dry ice from it if the existing indebtedness were paid. Pearson, on learning from personnel of National of this conversation, sent a check from his personal funds to

Mathieson in the amount of $673.27, drawn to the order of Mathieson and signed "Thomas J. Pearson, Special Trustee," writing at the bottom of the check "For: Account National Fire Equipment Company, Inc. * * *" Pearson knew at the time he sent the check that National owed Mathieson the $673.27, and he sent the check without a covering letter or other identification. He had no communication or contract with Mathieson, either written or oral. The personnel of National were not acting as his agents or representatives in their meeting with Mathieson, nor was he an owner, officer, director or employee of National.

Mathieson credited the check to the National indebtedness; subsequently, Pearson requested Mathieson extend credit to National for the purchase of the additional dry ice, but the request was refused after a credit check of Pearson had been made by Mathieson.

Pearson's only other witness was the sales manager of National who testified that on or about May 29, 1959, National owed Mathieson $673.27 for dry ice previously delivered to it. On or about the above date he and the president of National met with personnel of Mathieson to discuss the payment of this indebtedness. At the meeting a credit official of Mathieson demanded immediate payment of the indebtedness and stated his firm would extend credit to National for the purchase of additional dry ice if the outstanding indebtedness were paid.

The court in finding for Mathieson at the conclusion of Pearson's case held there was no proof of any agreement between Pearson and Mathieson; that at the time the agreement was made to extend credit contingent upon the payment of the indebtedness the sales manager of National was not acting as Pearson's agent; that in any event, any agreement to extend credit would be a nudum pactum because Mathieson was entitled to have the debt paid and

there was an existing legal obligation on National to pay it. Accordingly there was never an enforceable contract between Mathieson and Pearson. We find no error.

Affirmed.